Case 4:24-cv-04473   Document 9   Filed on 01/02/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHEAMU EARL RANDLE,<br>SPN # 01093480,<br><br>*Plaintiff,*<br><br>v.<br><br>HARRIS COUNTY SHERIFF'S<br>OFFICE, *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. H-24-4473 |

## MEMORANDUM OPINION AND ORDER

Asheamu Earl Randle, Harris County pretrial detainee SPN # 01093480, filed this *pro se* civil lawsuit under 42 U.S.C. § 1983 against the Harris County Sheriff's Office ("HCSO"), the Houston Police Department ("HPD"), and "Officials of District Court #176." Plaintiff claims that he was unlawfully arrested and is being detained in violation of his rights as a "foreign government." As judicial relief, plaintiff states, "Free me from illegal detention immediately!!!"

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** the lawsuit for the reasons shown below.

### I. BACKGROUND

Plaintiff is in pretrial custody of the HCSO pending trial on felony charges for unlawful possession of a firearm by a felon, robbery by threats, and tampering with an electronic monitoring device while on supervised release.

Plaintiff complains that his arrest and detention are unlawful because he "declared [his] secured party status and submitted paperwork" showing that he is a secured party under the Uniform Commercial Code ("UCC") and cannot be held accountable for the acts of his alter ego "debtor." He states that, when presented with his UCC secured party paperwork, the defendants laughed at the paperwork and refused to release him.

Plaintiff did not submit copies of the UCC paperwork forming the basis of his lawsuit. However, a review of the dockets in his pending criminal prosecutions shows that plaintiff filed with the criminal court a copy of a purported UCC financing statement, wherein he proclaimed himself to be "King Asheamu of the Randle Nation." In the related affidavit, plaintiff stated that he is not a public person as he exists only under common law and the UCC, and cannot be arrested or detained under American law as he is his own foreign government. *See State v. Randle*, Cause No. 188390301010, in the 495th Judicial District Court of Harris County, Texas, Image No. 116470775.

Plaintiff argues that he should be immediately released from detention and that the defendants should be fined and arrested for their refusal to honor his UCC secured party status. Because this Court has no authority to fine or arrest the defendants, the Court will look to plaintiff's request for release from detention as his sole judicial relief.

## II.  ANALYSIS

Plaintiff's request for release from pretrial detention is not available in a civil rights action brought under section 1983. Although the line between civil rights claims and habeas claims can be "blurry" under some circumstances, "challenges to the fact or duration of

confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted); *see also Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Because plaintiff seeks release from detention, his claims sound in habeas, and no viable claim for relief is raised under section 1983.

Although courts may liberally recharacterize civil complaints as habeas petitions seeking relief under 28 U.S.C. § 2241, the Court declines to do so in this instance, as plaintiff has not exhausted his available state court remedies. For a state pretrial detainee to be eligible for relief under section 2241, he must have exhausted his available state remedies before seeking federal habeas relief. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Exhaustion requires that a habeas petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, a prisoner must present his habeas claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A review of public online records for the Texas Court of Criminal Appeals shows that plaintiff has not presented his habeas claims to that court, and his claims remain unexhausted.

The Court further declines to recharacterize plaintiff's complaint as a section 2241 habeas petition because plaintiff's factual allegations raise no cognizable claim for federal habeas relief. His reliance on the UCC, trust laws, a self-made declaration of foreign

sovereignty, "secured party creditor" status, and similar so-called "sovereign citizen" theories as establishing exemption from criminal jurisdiction and prosecution is patently frivolous. These same or similar arguments are routinely raised by *pro se* prisoners, have been soundly rejected by the courts, and present no viable grounds for relief.[1]

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED** without prejudice for failure to state a viable claim for relief under 42 U.S.C. § 1983. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 2nd day of January, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *Martin v. McConnell*, No. 1:20-CV-079-P, 2020 WL 1970559, at *2 (W.D. La. Apr. 1, 2020) (stating "habeas claims relying on the UCC and trust laws have been repeatedly rejected," citing cases); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (denying as frivolous habeas petition relying on UCC and "secured party sovereign" theory).